## F. TAENZER, PRAYING FOR A WRIT OF CERTIORARI, v. THE JUDGE OF THE THIRD DISTRICT COURT.

The jurisdiction of the District Court is to be tested by the value of the thing demanded, and not by reference to extraordinary matters, although the same may be used by way of proof.

If the matter in dispute be really under three hundred dollars, the Supreme Court cannot take jurisdiction by way of a writ of *certiorari*, any more than by a direct appeal, and Article 857 of the Code of Practice is so far inapplicable to it.

ON an application for a writ of *certiorari* to the Judge of the Third District Court of New Orleans. *F. Taenzer, pro. per.,* relator.

MERRICK, C. J. Petitioner complains that the Judge has refused, in case of *Marmu* against him, to hear his witnesses, to prove a certain partnership to be worth over $300, and also that he refused to sign his bill of exception on the ground, that the case was not appealable. The proceeding in the lower court, according to petitioner's allegations, was a *mandamus* to obtain possession of certain leased premises.

As the constitutionality or legality of no tax, toll or impost, is drawn in question, and no fine, forfeiture or penalty, imposed by a municipal corporation, is in contestation, if the value of the lease be less than three hundred dollars, this court is without jurisdiction, although the premises may have been previously leased by the plaintiff and defendant as partners.

The jurisdiction of the District Court is to be tested by the value of the thing demanded, and not by reference to extraneous matters, although the same may be used by way of proof.

As this court derives its jurisdiction from the Constitution, and not from the Code of Practice, if the matter in dispute be really under three hundred dollars, it cannot take jurisdiction by way of a writ of *certiorari* any more than by a direct appeal, and Article 857 of the Code of Practice, is so far inapplicable to the Supreme Court.

If the matter in dispute be really over three hundred dollars, petitioner has mistaken his remedy.

It is, therefore, ordered, that the petition for a *certiorari* in this case, be dismissed at the costs of petitioner.